UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REGINA LINK LANE,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS GROUP USA, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 3:02cv579 (EBB)<br>)<br>)  July 11, 2007<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT COMPASS GROUP USA, INC.'S
MOTION IN LIMINE REGARDING MEDICAL EXPENSES**

Defendant Compass Group USA, Inc. ("Compass") hereby moves to preclude the reference to or introduction of documents or other evidence concerning plaintiff Regina Lane's alleged medical expenses. The grounds for this motion are set forth below.

I.  **BACKGROUND**

The sole remaining claim in this case is that Compass failed to provide plaintiff with timely notice of her right to continue her medical coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") after she was terminated from employment by the company in 2000. See 29 U.S.C. § 1166. COBRA provides that an employer must notify the administrator of its health plan(s) within 30 days of the occurrence of a "qualifying event," which in this case was Lane's termination. 29 U.S.C. § 1166(a)(2). The plan administrator (or, in the case of an employer-administered plan, the employer) must then provide a COBRA notice of health insurance continuation rights

*ORAL ARGUMENT IS NOT REQUESTED*

to the affected employee within 14 days. Id. §§ 1166(a)(4), (c). The employee may elect to continue his/her medical coverage at his/her own expense for a period of up to 18 months from the date of the qualifying event. See id. § 1162(2)(A)(i). Specifically, plaintiff claims in this case that she was terminated on May 22, 2000, but did not receive a COBRA notice until August 10, 2000.[1]

## II. ARGUMENT: DOCUMENTS REFLECTING PLAINTIFF'S ALLEGED MEDICAL EXPENSES ARE NOT RELEVANT OR ADMISSIBLE.

Plaintiff has asserted in this case that she is entitled to compensatory damages sufficient to cover the cost of certain medical bills.[2] The Court should exclude all evidence regarding Lane's medical bills and expenses.

Lane acknowledges that she received a COBRA notice on August 10, 2000. Even if Lane could establish that her COBRA notice was untimely, she still had the ability to elect continuation coverage if she had signed and returned the form sent to her, and by law said coverage would have applied retroactively back to the date of her termination. See Gaskell v. Harvard Cooperative Society, 3 F.3d 495, 499-501 (1st Cir. 1993) (holding that an employee's right to continuation coverage begins as of the date of the qualifying event). If plaintiff's actual date of termination had been as plaintiff suggests on May 22, 2000, rather than August 3, 2000, plaintiff had only to sign the election form to obtain coverage back to the earlier date. However, she chose not to elect continuation coverage

---

[1] Compass will establish at trial that the COBRA notice was timely because, in fact, Lane's employment was terminated on August 3, 2000.

[2] There is no dispute that plaintiff's medical bills were covered (and never paid by her), and plaintiff's counsel has represented to the undersigned that plaintiff will not be making a claim in this case for reimbursement of medical expenses per se. However, as of the time of filing this motion, defense counsel has not received copies of plaintiff's proposed exhibits and therefore is filing this motion in the event that plaintiff attempts to introduce as exhibits records of medical expenses. Based on plaintiff's proposed exhibit list, it appears that plaintiff does in fact intend to attempt to introduce at trial certain documents reflecting medical expenses both before and after the termination of plaintiff's employment.

and did not return the form. Therefore, Lane's medical bills, even if unpaid, were the result of *her* failure to elect COBRA continuation coverage, not Compass's alleged failure to provide her with a timely COBRA notice. Cf. Kerkhof v. MCI Worldcom, Inc., 282 F.3d 44, 55-56 (1st Cir. 2002) (affirming denial of request for statutory penalties under COBRA where the COBRA notice was late but the employee declined continuation coverage). Because even an untimely notice did not cause plaintiff medical expense damages, she cannot recover any such expenses or any penalties based somehow on alleged losses related to medical expenses.[3] Because damages cannot be assessed in this case for unpaid medical bills, evidence of Lane's medical expenses, paid or unpaid, is irrelevant and inadmissible. The Court and the parties should not be burdened by the introduction of numerous medical documents that are immaterial to this case.

In the alternative, even if the Court should permit the introduction of some evidence of medical charges as evidence in this case, such evidence relating to any period other than between May 22, 2000 and August 10, 2000 must be precluded. Any potential recovery by Lane would necessarily be limited to damages that flow directly from an alleged late COBRA notice, the sole claim in this case. Because there is no dispute that Lane (a) received a COBRA notice on August 10, 2000, and (b) chose not to elect continuation coverage, whether she incurred any medical expenses before May 22, 2000 or after August 10, 2000 is completely irrelevant. The sole area of inquiry would be between May 22, 2000, and the date she received the COBRA notice on August 10, 2000 and chose not to respond. Evidence regarding any expenses incurred during any period other than between May 22, 2000 and August 10, 2000 cannot possibly be relevant or

---

[3] Damages potentially available to a plaintiff for failure of the employer to provide timely COBRA notices may be a civil penalty of up to $100.00 per day, in the Court's discretion and based on a number of factors, for the period until notice was provided. 29 U.S.C. § 1132(c)(3).

material to this case and should be excluded by the Court.

For the foregoing reasons, Compass respectfully requests that the Court grant its Motion in Limine and preclude reference to or introduction into evidence of testimony or documents reflecting any of plaintiff's alleged medical expenses, or, in the alternative, that plaintiff be precluded from introducing into evidence testimony or documents reflecting medical expenses other than those incurred between May 22, 2000 and August 10, 2000.

        Respectfully submitted,

        COMPASS GROUP USA, INC.

By: _/s/ Lori B. Alexander_
Lori B. Alexander
Federal Bar No. ct08970
LITTLER MENDELSON, P.C.
110 Washington Avenue
North Haven, CT 06473
Telephone: (203) 234-6344
Facsimile: (203) 234-6345
E-Mail: lalexander@littler.com

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2007, a copy of the foregoing Motion in Limine was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*Lori B. Alexander*
Lori B. Alexander – CT08970
LITTLER MENDELSON, P.C.
110 Washington Avenue, 3rd Floor
North Haven, Connecticut 06473
Telephone (203) 234-6344
Facsimile: (203) 234-6345
E-mail: lalexander@littler.com