# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

REGINA LINK LANE,              )
                               )
    Plaintiff,                 )
                               )
        v.                     )          Civil Action No. 3:02cv579 (EBB)
                               )
                               )          July 11, 2007
COMPASS GROUP USA, INC.,       )
                               )
    Defendant.                 )
                               )

## DEFENDANT COMPASS GROUP USA, INC.'S
## MOTION IN LIMINE REGARDING WITNESS TESTIMONY

Defendant Compass Group USA, Inc. ("Compass") hereby moves to preclude the testimony of Regina Link, identified as the mother of the plaintiff, at the trial of this matter.

The sole claim in this case is that Compass failed to provide plaintiff with timely notice of her right to continue her medical coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") after she was terminated from employment by the company in 2000. See 29 U.S.C. § 1166. COBRA provides that an employer must notify the administrator of its health plan(s) within 30 days of the occurrence of a "qualifying event," which in this case was Lane's termination. 29 U.S.C. § 1166(a)(2). The plan administrator (or, in the case of an employer-administered plan, the employer) must then provide a COBRA notice of health insurance continuation rights to the affected employee within 14 days. Id. §§ 1166(a)(4), (c). The employee may elect to continue

***ORAL ARGUMENT IS NOT REQUESTED***

his/her medical coverage at his/her own expense for a period of up to 18 months from the date of the qualifying event. See id. § 1162(2)(A)(i). Specifically, plaintiff claims in this case that she was terminated on May 22, 2000, but did not receive a COBRA notice until August 10, 2000.[1]

The timeliness of the COBRA notice received by the plaintiff is information within the knowledge of Compass and the plaintiff. Plaintiff's mother would have no personal knowledge of the mailing date of the COBRA notice or of the date that Compass terminated plaintiff's employment. Because Mrs. Link has no personal knowledge of material facts in the case, her testimony should not be permitted.

In addition, plaintiff should not be permitted to have Mrs. Link testify at the trial of this matter because she failed to disclose her as a potential witness in this case in response to Compass' Interrogatory seeking the identities of persons with relevant information. On February 13, 2003, Compass served an Interrogatory that requested that plaintiff "list each and every witness you either intend to call at trial or you believe you may call at trial. Please include their names, phone numbers, addresses, and a brief description of the subject matter upon which they are expected to testify." See Exh. A, Plaintiff's Responses to Defendants' Interrogatories dated February 13, 2003, at No. 5. The reason for the request was to identify all persons plaintiff believed had information that supported her claims, so that Compass could explore the nature and extent of such knowledge through depositions and other discovery. Plaintiff responded by identifying her medical care providers and other fact witnesses, but never identified Mrs. Link as a potential trial witness. Id. As a result of plaintiff's failure to identify Mrs. Link in

---

[1] Compass will establish at trial that the COBRA notice was timely because, in fact, Lane's employment was terminated on August 3, 2000.

response to this Interrogatory, Compass did not take Mrs. Link's deposition or inquire in discovery about Mrs. Link's purported knowledge concerning the facts of this case or plaintiff's claims. Because plaintiff is attempting to utilize the testimony of a witness that she improperly failed to identify to defendant in response to an unambiguous discovery request for precisely this information, Compass respectfully moves in limine to preclude the testimony of Regina Link, mother of the plaintiff.

For both of the above reasons, Compass seeks an order of this Court that Regina Link, mother of the plaintiff, not be permitted to testify at the trial of this matter.

Respectfully submitted,

COMPASS GROUP USA, INC.


By: _Lori B. Alexander_
Lori B. Alexander
Federal Bar No. ct08970
LITTLER MENDELSON, P.C.
110 Washington Avenue
North Haven, CT 06473
Telephone: (203) 234-6344
Facsimile: (203) 234-6345
E-Mail: lalexander@littler.com

EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REGINA LINK LANE | : | Civil Action |
| | : | Case No.  302CV579(WWE) |
| v. | : | |
| | : | |
| | : | |
| COMPASS GROUP USA, INC. | : | February 13, 2003 |

---

## PLAINTIFF'S RESPONSES
## TO DEFENDANT'S INTERROGATORIES

1.    Please describe the nature of the injury you allegedly sustained on or about March 8, 2000.  Your explanation should include, but not be limited to, describing how your claimed injury allegedly affected your ability to perform your job at Defendant. Please describe with particularity what, if any, essential functions of your position at Defendant you were not able to perform as a result of your alleged injury, and during what time period(s).

**Plaintiff's response is attached hereto.**

2.    Please describe your employment history since the date of your leaving employment with Defendant, including all periods of employment and self-employment, all positions held, the duties of each position, and all compensation and benefits you received in each position.

**None.**

3.    Please detail any and all efforts you made to seek other employment after your employment with Defendant was terminated.

**None.**

4.      Please list every doctor, physician or other health care professional with whom you treated or consulted in connection with the injury you allegedly sustained on March 8, 2000. Please include their names, addresses, and telephone numbers.

**List is attached hereto.**

5.      Please list each and every witness you either intend to call at trial or you believe you may call at trial. Please include their names, phone numbers, addresses, and a brief description of the subject matter upon which they are expected to testify.

**Plaintiff's list attached hereto.**

6.      If you intend to call an expert witness at trial, please list their names, telephone numbers and addresses, and also provide their curriculum vitae, areas of expertise, subjects and which they are expected to testify, and a list of cases in which they have previously testified.

**No experts are expected to testify regarding the allegations set forth in the complaint.**

7.      Please describe any and all evidence in your possession, custody or control which supports your contention that you were discharged in retaliation for having filed a worker's compensation claim. Please include in your description (but do not limit your description to) any conversations you have had with Defendant's employees which relate to such a claim and any documentary evidence you have which supports such claim.

**The plaintiff has no direct evidence to support her contention that she was discharged in retaliation for having filed a worker's compensation claim. However, since the plaintiff had been satisfactorily performing her job without complaint from her employer prior to the plaintiff's injury on March 8, 2000, for which the**

plaintiff filed a worker's compensation claim, after which the plaintiff's worker's compensation claim was denied, and after which Defendant arbitrarily terminated the plaintiff's health insurance coverage, it is reasonable to conclude that the plaintiff was terminated in retaliation for having filed such claim.

8.      With respect to the claim you have raised for the failure to pay wages you were allegedly owed, please describe with particularity the following:  (a) the total amount of wages you are allegedly owed; (b) the dates and times upon which you accrued these alleged wages: and (c0 any all evidence supporting the answers to sections (a) and (b0 above.

**There are no wages owed.  Count Two of the complaint will be withdrawn.**

9.      Please provide the date upon which your health insurance was allegedly terminated by Defendant and state the date of and the manner in which you discovered this alleged termination.  Please also detail your health insurance coverage history from the time of the termination of your employment with Defendant to the present.  Please include in your description the date(s) upon which you obtained health insurance coverage, the company or companies (both insurance companies and employers) with whom you obtained this coverage.

**Attached hereto are doctors' notes regarding dates upon which the plaintiff would be out of work due to her work-related injury.  The notes encompass the time period May 23, 2000, to May 31, 2000; May 31, 2000, to an undetermined date; July 6, 2000, to an undetermined date; and August 30, 2000, to an undetermined date.   On June 15, 2000, Deborah Rubenstein, an agent and/or employee of the Defendant, testified under oath (in the matter of Regina Link-Lane v. Kenneth**

Lane, Docket No. FA95-0405610, J.D. of New Haven at New Haven, before Robiana, J.) that if the plaintiff wished to return to work on "Monday" (June 19, 2000), the plaintiff would be able to do so. Excerpt of transcript attached hereto, see page 27, lines 9-12. Since Defendant's insurer, Zurich, was denying the plaintiff's worker's compensation claim, the plaintiff obtained treatment, including surgery in October 2000, through what she believed to be her health insurance carrier, Cigna Healthcare. However, in November 2000, the plaintiff was notified by Cigna that her healthcare coverage had been terminated on May 22, 2000. Cigna, through Accent Insurance Recovery Systems, demanded refunds from several of the plaintiff's treatment providers. Documentation attached hereto. Defendant has provided no explanation for why plaintiff's health care insurance coverage was terminated on May 22, 2000, when Defendant's employee/agent, Rubenstein, testified, under oath, that the plaintiff still had a job if she wished to return to work on June 19, 2000.

10.     If you contend that you incurred medical costs which you would not have had to pay for had your insurance through Defendant had not been canceled, please describe in detail each such costs, the date upon which the medical condition first occurred, the date or dates upon which you underwent treatment, the medical professional or professionals who treated you, and the amount of costs you incurred as a result.

The plaintiff has paid for no medical treatment out-of-pocket. In January 2001, plaintiff went on Title XIX. As of June 18, 2002, the DAS lien was $7,005.94, which must be reimbursed if the plaintiff is successful in this action. Documentation attached hereto.

11.    Please provide a calculation of damages you believe you are entitled to receive in this case.

**A.**    **As to Count One of the complaint, $15,000 in attorneys fees, and the costs of this action, as permitted by C.G.S. Section 31- 290a(b).**

**B.**    **As to Count Three, reimbursement to DAS on behalf of the plaintiff, for all amounts paid by the State of Connecticut for medical expenses, as appropriate remedy pursuant to C.G.S. Section 38a-537(b).**

**C.**    **As to Count Four, the plaintiff would have been entitled to 18 months of coverage after the qualifying event [29 USC Section 1163(2)] stated by defendant as May 22, 2000, which period of time equals 546 days.  Defendant failed to give notice pursuant to 29 USC Section 1166(4).  Pursuant to 29 USC Section 1132(c)(1), the plaintiff may be awarded up to $100 a day for Defendant's failure to give proper notice.  The plaintiff here seeks $54,600.00 (546 days X $100 per day).**

THE PLAINTIFF

Regina Link Lane

By _Margaret J. Slez_
MARGARET J. SLEZ
*CARRON & FINK*
*1698A Post Road East*
*Westport CT 06880-5652*
*(203) 259-7234*
*Fed Bar No. ct 04122*

**VERIFICATION**

     This is to certify that I, Regina Link Lane, plaintiff in this action, have read the foregoing answers to Defendant's First Set of Interrogatories and state that they are true and accurate to the best of my knowledge this _11TH_ day of February 2003.


REGINA LINK LANE

DATE OF INJURY:  March 8, 2000

FIRST REPORT OF INJURY:  March 8, 2000 filed by Debbie Rubenstein,
                                                       Eurest.

LIST OF MEDICAL CARE PROVIDERS:

1.  PRIMARY CARE OF SOUTHBURY  203-264-8884
    141 Main Street
    Southbury, CT 06488
    Dates of service:  March 8, 2000 - May 17, 2000


2.  Danbury Hospital Physical Medicine  203-262-4066
    101 Main St. North
    Southbury, CT 06488
    Dates of service:  March 23, 2000 - May 22, 2000


3.  Dr. LaGratta  203-797-1500
    226 White St.
    Danbury, CT 06810
    Dates of service:  March 28, 2000 and May 11,2000


4.  Waterbury Orthopaedic Assoc.   203-7550163
    DR. ANDREW NELSON
    1211 W. Main Street
    Waterbury, CT 06708
    Date of service:  May 18, 2000


5.  Dr. Mangieri   203-367-3611
    399 Mill Hill Ave.
    Bpt., CT 06610
    Date of service:  May 17, 2000  and May 31, 2000


6.  Dr. Brennan   203-255-3451
    1300 Post Road Suite 203
    Fairfield, CT 06430
    Dates of service:  May 23, May 30, June 12, June 26, July 20, 2000


7.  Rehabilitation Assoc.   203-783-1997
    555 Bridgeport Ave.
    Shelton, CT 06484
    Seen at Milford Office
    Dates of service:  June 1, 2000 and June 5, 2000

R. Lane  -  Medical Care Providers, p. 2

8.  Southern CT Pain Center   203-459-8855
    Dr. Kirschembaum
    965 White Plains Road
    Trumbull, CT  06611
    Date of service:  June 7, 2000 and May 30, 2001

9.  Dr. Opalak   203-336-3303
    340 Capital Ave.
    Bridgeport. CT 06606
    Date Dates of service:  June 13, 2000

10. CTTVascular and Thoracic Surgical Assoc.   203-255-2003
    52 Beach Rd., Suite 207
    Fairfield, CT 06430
    Date of Service:  June 20, 2000

11. Dr. Stewart Gross   203-367-4008
    2660 Main St, Suite 311
    Bridgeport, CT  066606
    Dates of service: July 6, 2000, August 30, 2000 , May 2001  ±

12. Hand Therapy Assoc.   203-389-8177
    61 Amity Rd.
    New Haven , CT06515
    Dates of service: July 7, 2000, August 1, 2000

13. Alain de Lotbiniere  203-785-2808
    Yale University School of Medicine
    33 Cedar St., P. O. Box 208082
    New Haven, CT  06520-8082
    Date of service;  February 14, 2001

14. Jeffrey Arons  203-865-8315 (Independent Medical Exam)
    330 Orchard St.
    Ste. 204
    New Haven, CT 06511
    Date of service:   May 1, 2001

±continuing care by primary treating physician

15. Dr. David Kloth  203-792-5118  (Independent Medical Exam)
    69 Sand Pit Road, Suite 204
    Danbury, CT  06810

5

1.  ALL PHYSICIANS LISTED IN MEDICAL PROVIDER INDEX
    Regarding Medical reasonableness and Medical Necessity of Treatment
    Diagnosis
    Limitations
    Disability Rating
    Future care and medication requirements


2.  CHRISTINE BUEHLER  – Zurich Headquarters
    Regarding her C.V. and work history
    Job description
    Zurich Insurance Handbook/Manual re; administration and proceedures
    File Supervisor
    Case Manager
    Denial of timely payment of weekly wages
    Denial of authorization for medical treatment and prescriptions
    Denial of medical payments to physician providers
    Her complete case file: telephone notes, memoranda, E-mail,
                        correspondence, computer information
    Authorization for surveilance
    Payments for surveilance of myself
    Photographs, videos, audio tape recordings of myself
    Statements by surveilance agents to State police
    History of all her previous cases in litigation and transcripts
            of all her previous testimony as an employee of Zurich


3.  Debra Rubenstein – present employment address and personal
                        adddress and phone 3 unknown
    Regarding her testimony/Transcript 6/15/2000
    Insurance benefits
    Termination notices (5/22/00 and 8/00)
    Company directives in management of this case
    Policies and procedures regarding termination – "pink slip"
    Recollection of events related to injury and preparation of
            First Report of Injury
    Explanation of work space, defective equipment
    Procedures for recording work attendance; medical reports for
                exclusion from work
    Contacts with Christine Buehler


4.  Phillip Crisco – Compass Group; Southbury IBM Offices
    Events on day of my injury
    Defective equipment
    Hazardous conditions in work space

5 (continued)
Reports to OSHA of injury
Disposal of defective equipment


5.  Two unidentified Compass employees

    1.  Cashier (woman) regarding the defective equipment, size
                and mobility of Donut case

    2. Dishwasher (man) regarding disposal of defective equipment


6.  Stephen J. Link – P. O. Box 728
                Norfolk, CT  06058    860–542–1937
    Regarding observation and photographs of surveillancee agents
    Post surgery photos
    Observations of deterioratiog quality of life
    Dependence for physical assistance


7.  Commander Chris Arciero
    State Polic Barracks
    463 Ashley Falls Road
    Canaan, CT  06018        1–800–361–2157
    Regarding written and audio records of false statements


8.  EXPERT WITNESS  –  DR. PATRICIA RICHARDS    203–250–8080
                Post Road
            Fairfield, CT  06430

    Review of medical records re secondary injury to my teeth
    once all evaluations are complete.

**CERTIFICATION**

I hereby certify that the original of the foregoing was mailed first class postage prepaid

this 13th day of February 2003 to all counsel of record as follows:

Nicole J. Anker                    Daniel Jackson
David Casey                        Bingham McCutchen
Bingham McCutchen                  150 Federal Street
1 State Street                     Boston MA 02110
Hartford CT  06103-3178

                                   Margaret J. Slez

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2007, a copy of the foregoing Motion in Limine was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Lori B. Alexander – CT08970
LITTLER MENDELSON, P.C.
110 Washington Avenue, 3rd Floor
North Haven, Connecticut 06473
Telephone (203) 234-6344
Facsimile: (203) 234-6345
E-mail: lalexander@littler.com