UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REGINA LINK LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:02cv579 (EBB) |
| | ) | |
| | ) | July 16, 2007 |
| COMPASS GROUP USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT COMPASS GROUP USA, INC.'S
PRETRIAL MEMORANDUM

Defendant Compass Group USA, Inc. ("Compass") hereby submits this Pretrial Memorandum in advance of the trial scheduled to begin on July 18, 2007. Consistent with the Standing Order Regarding Trial Memoranda in Civil Cases, Compass states as follows:

1.    **Trial Counsel.**  Trial counsel for Compass will be Lori B. Alexander of Littler Mendelson, P.C., 110 Washington Avenue, North Haven, CT 06473, (203) 234-6344 (telephone), (203) 234-6345 (facsimile), lalexander@littler.com.

2.    **Jurisdiction.**  The Court has federal question jurisdiction over this case because plaintiff's only remaining claim arises under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), a section of the Employee Retirement Income Security Act ("ERISA").

3.    **Jury/Non-jury.**  This will be a bench trial.

4.    **Nature of Case.**  Plaintiff claims that Compass failed to provide her with timely

notice of her right to continue her health insurance coverage under COBRA, 29 U.S.C. § 1166(a)(1). Plaintiff seeks statutory damages and attorneys' fees. Plaintiff's claims are without merit because Compass provided plaintiff with a timely COBRA notice. On the issue of damages, even if the COBRA notice plaintiff received had been untimely, plaintiff suffered no damages as a result of the notice.

**5.    Proposed Stipulations of Fact and Law.**    The parties jointly propose the following stipulations of fact:[1]

   a.    Compass hired plaintiff on September 22, 1999.

   b.    Plaintiff worked for Compass as a cook's helper in Southbury, Connecticut at an IBM office location.

   c.    Plaintiff elected to participate in the health and dental insurance plans offered by Compass.

   d.    Compass was the plaintiff's employer and plan administrator of such health and dental plans.

   e.    On March 8, 2000, while Lane was working, she injured her right hand.

   f.    Following her accident on March 8, 2000, Lane received a series of doctor's notes excusing her from work until May 11, 2000.

   g.    Plaintiff returned to work on May 11, 2000.

   h.    Plaintiff did not report to work after May, 2000.

   i.    Plaintiff provided Compass with a doctor's note excusing her from work until May 31, 2000.

---

[1] Compass has worked with plaintiff's counsel to draft the above proposed stipulations of fact, but plaintiff's counsel has not responded with his final approval for the stipulations. Defense counsel is including the proposed stipulations in its pre-trial memorandum, pending final approval from plaintiff's counsel.

j.    Plaintiff did not communicate with Compass regarding the amount of time she would continue to be out of work after May 31, 2000.

k.    In 1997, Compass contracted with Creative Mailing Solutions ("CMS") for much of its bulk mailing needs, including the mailing of COBRA notices.

l.    On August 10, 2000, on behalf of Compass, CMS sent plaintiff a COBRA Continuation of Coverage Election Form dated August 5, 2000, a Compass Group USA, Inc. Notification of Option to Continue Coverage, a Group Managed Care Application with instructions, and a Certificate of Group Health Plan Coverage. The Election Form specified the monthly cost of continuation coverage, and the notification stated, "TO CONTINUE COVERAGE YOU MUST COMPLETE THIS ELECTION FORM AND RETURN IT WITHIN 60 DAYS OF THE DATE OF THIS NOTICE. IF YOU MEET THIS DEADLINE, YOUR COVERAGE WILL AUTOMATICALLY BE REINSTATED BACK TO THE ORIGINAL TERMINATION DATE WITH NO BREAK IN COVERAGE."

m.    Plaintiff received the above COBRA documents prior to August 16, 2000, and forwarded them to her attorney on that date.

n.    Plaintiff did not return the COBRA Continuation of Coverage Election Form she received and did not contact Compass about the COBRA documents mailed to her.

6.    **Plaintiff's Contentions.** Plaintiff will provide a statement of her contentions in her separately filed Pre-Trial Memorandum.

7.    **Defendant's Contentions.** Compass terminated plaintiff's employment on August 3, 2000 for job abandonment. Compass, through its agent, then sent plaintiff a

Compass Group USA, Inc. Notification of Option to Continue Coverage; a COBRA Continuation of Coverage Election Form; a Compass Group Managed Care Application with COBRA designation and instructions; and a Compass Group, USA Division Certificate of Group Health Plan Coverage. Plaintiff received these COBRA documents prior to August 16, 2000, and forwarded them to her attorney. The COBRA notice plainly states that the qualifying event entitling plaintiff to continue her medical and dental coverage pursuant to COBRA was the termination of plaintiff's employment. Despite having received the notice, plaintiff chose not to elect COBRA continuation coverage. She did not contact Compass to contest or question the fact that the company had terminated her employment. Compass complied with its statutory obligation to provide plaintiff with a timely COBRA notice. Any alleged damages plaintiff may claim flowed from her decision to ignore the COBRA notice and not from any action or inaction of Compass.

8.    **Legal Issues.** The sole legal issues in this case are (1) whether Compass failed to provide timely notice of plaintiff's continuation of benefits rights under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166, and (2) if it did, whether plaintiff was damaged by the alleged untimely notice.

9.    **Voir Dire Questions.** Not applicable.

10.    **List of Witnesses**

**Plaintiff's Witnesses.**

1. Regina Link Lane, plaintiff – fact witness

2. Regina Link, mother of plaintiff – fact witness

**Compass objects** to any testimony at trial by Regina Link, mother of plaintiff, for

the reasons set forth in its Motion in Limine Regarding Witness Testimony filed on July 11, 2007. Plaintiff has failed to provide defense counsel with a statement of the anticipated testimony of this witness.

**Defendant's Witnesses.** In addition to cross-examining plaintiff, Compass intends to call Deborah Rubenstein, 60 Tyler Crossing, Middlebury, CT 06762 to testify regarding plaintiff's employment with Compass, communications between Compass and plaintiff regarding plaintiff's absences from work, and the termination of plaintiff's employment in August 2000.

Defendant may also present the testimony through deposition of David Rudd and Richard Kettle, both out-of-state employees of Creative Marketing Solutions, Compass' agent which mailed plaintiff's COBRA notice to plaintiff in early August, 2000.

11.    **Exhibits.**

**Defendant's Exhibits.** Attached as <u>Exhibit A</u> hereto is a list of the exhibits Compass currently intends to introduce at trial.

**Plaintiff's Exhibits.** Below is the list of exhibits plaintiff has provided to defense counsel. Compass objects to plaintiff's exhibits as indicated below.

1.    COBRA Election and Notification to Continue Coverage dated 8/5/00.

2.    Letter from Iris Graham at Cigna Health Insurance dated 11/14/00.

    <u>Objection</u>:    This is an unauthenticated hearsay document written by a person not present for cross-examination at trial. It is also not relevant to plaintiff's claims in this case.

3.    Letter to Debbie Rubenstein dated 10/19/00.

    <u>Objection</u>:    Since this document is dated outside the statutory period for electing COBRA continuation coverage, it is immaterial to plaintiff's remaining claim in this case.

4.  Copies of Accent Notices dated 12/20/00.

    <u>Objection:</u>    This is an unauthenticated hearsay document written by a person not present for cross-examination at trial. It is also not relevant to plaintiff's claims in this case.

5.  Cigna Healthcare statement dated June 16, 2000

    <u>Objection:</u>    This document for services on May 16, 2000 is irrelevant to whether plaintiff was terminated from employment on May 22, 2000 or August 3, 2000.

6.  Cigna Healthcare statement dated June 23, 2000

    <u>Objection:</u>    This document is irrelevant, as the dates of service are cut off from the copy.

7.  Cigna Healthcare statement dated June 28, 2000

    No objection, but the document is not dated June 28th as plaintiff asserts.

8.  Cigna Healthcare statement dated June 30, 2000

9.  Cigna Healthcare statement dated July 10, 2000

    <u>Objection:</u>    This document is irrelevant, as the dates of service are cut off from the copy.

10  Cigna Healthcare statement dated July 19, 2000

11. Cigna Healthcare statement dated July 26, 2000

    <u>Objection:</u>    This document is irrelevant, as the dates of service are cut off from the copy.

12. Cigna Healthcare statement dated August 4, 2000

13. Cigna Healthcare statement dated August 7, 2000

14. Cigna Healthcare statement dated August 15, 2000

15.    Cigna Healthcare statement dated August 16, 2000

    <u>Objection:</u>    This document is irrelevant, as the dates of service are
                cut off from the copy.

16.    Privilege log for Compass Group USA, Inc. dated 4/24/03.

    <u>Objection:</u>    All pages are objected to as irrelevant.  Defendant's privilege log is
                not admissible at trial.  Pages 2-4 are inadmissible hearsay with no
                witness to authenticate them or establish that the documents fit
                within any exception to the hearsay rule.

17.    Connecticut Medicaid Recipient Statement of Medical Assistance dated 5/23/02.

    <u>Objection:</u>    Not relevant; hearsay document.

18.    Connecticut Department of Social Services Statement of Financial Assistance
       dated 5/17/02.

    <u>Objection:</u>    Pages 1, 2, 3, 5 are hearsay documents and not relevant.

19.    Compass Group Benefits Handbook.

20.    Advanced Endodontics bill dated 11/4/02.

    <u>Objection:</u>    Plaintiff's medical records are not relevant to any issue in this case.
                She cannot recover damages for medical expenses under the claim
                of untimely COBRA notice asserted in this case, and in addition it
                is undisputed that she paid none of her medical bills out-of-pocket.

21.    Bridgeport Anesthesia Associates bills for services rendered on 2/13/03, 11/18/03,
       12/18/03 and 4/15/04.

    <u>Objection:</u>    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

22.    Bridgeport Hospital statement dated 12/13/06.

    <u>Objection:</u>    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

23.    Jeffrey Arons, M.C. medical report dated 5/3/01.

    <u>Objection:</u>    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

24.    Michael Brennan, M.D. statement dated 7/28/06 and medical reports.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

25.    CT Vascular and Thoracic Surgical Association bill and report

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

26.    Stewart C. Gross, M.D. bill and reports.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

27.    Hartford Ortho Plastic & Hand Surgeons, Inc. statement dated 6/1/06.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

28.    Danbury Orthopedic Associates bill and reports.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

29.    Orthopedic Services of Bridgeport bill and reports.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

30.    Medical Anesthesiology Associates, P.C. bill and reports.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

31.    Waterbury Orthopaedic Associates report dated May 18, 2000.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

32.    Michael Opalak M.D. report dated June 13, 2000.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                Limine Regarding Medical Expenses.

33.    Physical Medicine of Southbury medical reports.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in Limine Regarding Medical Expenses.

34.    Primary Care of Southbury bill and reports.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in Limine Regarding Medical Expenses.

35.    Rehabilitation Associates bill and reports.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in Limine Regarding Medical Expenses.

36.    Patricia Richard MD, DMD billing statements.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in Limine Regarding Medical Expenses.

37.    Bridgeport Radiology 6/6/00.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in Limine Regarding Medical Expenses.

38.    Brooks Pharmacy 3/21/01.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in Limine Regarding Medical Expenses.

39.    William Gasco, MD 10/23/00.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in Limine Regarding Medical Expenses.

40.    Lawrence Kirschenbaum, MD Bill and Medical Reports 6/7/00.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in Limine Regarding Medical Expenses.

41.    St. Vincent's Hospital 10/2/00 & 10/23/00.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in Limine Regarding Medical Expenses.

42.    Waterbury Hospital 5/16/00 Bill.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                   Limine Regarding Medical Expenses.

43.    Shop Right Pharmacy 5/18/00 Bill.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                   Limine Regarding Medical Expenses.

44.    DAS Liens.

    Objection:    This document is irrelevant to plaintiff's claims in this case.

45.    Transcript of Deborah Rubinstein 6/15/00.

46.    State of CT Dept of Labor Hearing Papers.

    Objection:    These documents are inadmissible hearsay and also irrelevant.

47.    Decision of SS Administration (Appeal)

    Objection:    This document is an inadmissible hearsay document and also
                   irrelevant.

48.    Agreement re Workers' Compensation Dated 8/7/03.

49.    Nicolas Breyan, MD 5/17/00.

    Objection:    Same objection as set forth in No. 20 and in defendant's Motion in
                   Limine Regarding Medical Expenses.

50.    LifePlan.

    Objection:    This is an unauthenticated and inadmissible hearsay document that
                   plaintiff apparently seeks to introduce without the author available
                   for cross-examination.  It is also irrelevant to plaintiff's claims in
                   this case.

51.    Policy & Procedure Statement from Compass Group.

    Objection:    This is an unauthenticated and inadmissible hearsay document the
                   plaintiff apparently seeks to introduce without the author available
                   for cross-examination.  It is also irrelevant to plaintiff's remaining
                   claim in this case.

52.    Letter from Plaintiff to Debbie Rubenstein dated 10/19/00.

      Objection:    This is a repeat of Exhibit 3.  Since this document is dated outside the statutory period for electing COBRA continuation coverage, it is immaterial to plaintiff's remaining claim in this case.

**11.    Deposition Testimony.**  Defendants may introduce the deposition testimony of David Rudd (page 28 line 25 through page 29 line 15) and/or Richard Kettle, employees of Creative Marketing Solutions, as set forth above.

**13.    Requests for Jury Instructions.**  Not applicable.

**14.    Anticipated Evidentiary Problems.**  Aside from the issues raised in Compass's motions in limine, and its objections to plaintiff's exhibits, Compass currently does not anticipate any evidentiary problems.

**15.    Proposed Findings of Fact and Conclusions of Law.**  Attached as Exhibit B hereto are Compass's Proposed Findings of Fact and Conclusions of Law.

**16.    Trial Time.**  Compass anticipates that trial will last a maximum of two days.

**17.    Further Proceedings.**  Compass filed two motions in limine with the Court on July 11, 2007, which will require rulings prior to trial.  Compass requests that plaintiff's counsel clarify for the Court and defense counsel the damages he seeks in this case, which he has described to defense counsel as attorneys' fees and penalties of $100.00 per day pursuant to 29 U.S.C. § 1132(g).  Compass has also moved that the Court permit opening statements and post-trial briefs of the parties.

**18.    Election for Trial by Magistrate.**  Not applicable.  This case will be tried before The Honorable Ellen Bree Burns.

THE DEFENDANT,

COMPASS GROUP USA, INC.


By: _Lori B. Alfd_____
Lori B. Alexander
Federal Bar No. ct08970
LITTLER MENDELSON, P.C.
110 Washington Avenue
North Haven, CT  06473
Telephone: (203) 234-6344
Facsimile: (203) 234-6345
E-Mail: lalexander@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2007, a copy of the foregoing Pretrial Memorandum was filed electronically and served by first-class mail, postage prepaid, on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Lori B. Alexander – CT08970
LITTLER MENDELSON, P.C.
110 Washington Avenue, 3rd Floor
North Haven, Connecticut 06473
Telephone (203) 234-6344
Facsimile: (203) 234-6345
E-mail: lalexander@littler.com

## EXHIBIT A

### DEFENDANT'S LIST OF EXHIBITS

A.    Separation form dated August 3, 2000

B.    COBRA continuation documents sent to Regina Lane on August 10, 1000 with cover letter forwarded by Ms. Lane to Attorney Anthony Slez

C.    Attendance form for Regina Lane

D.    Handwritten notes dated between March 23, 2000 and June 7, 2000

E.    Memorandum from Regina Lane to Debbie Rubenstein dated October 19, 2000

F.    Doctor's note excusing Lane from work through May 31, 2000

G.    Danbury Orthopedic Associates treatment note and letter to Scott McLaughlin dated March 28, 2000

H.    Portions of deposition transcript of Regina Link Lane (during plaintiff's testimony at trial)

I.    Deposition testimony of David Rudd

J.    Deposition testimony of Dick Kittle

K.    Testimony of Debbie Rubenstein at Regina Lane custody hearing

L.    Plaintiff's Affidavit dated July 29, 2003

M.    Plaintiff's Local Rule 56(a)(2) Statement

N.    Letter dated June 18, 2002 from Department of Administrative Services to Attorney Carron

O.    Plaintiff's February 13, 2003 Responses to Defendant's Interrogatories

*** Defendant reserves the right to use any exhibits on the Plaintiff's Exhibit List at trial and may supplement this list based on information exchanged between the parties prior to filing the Pre-Trial Memorandum. It also reserve the right to introduce additional documents at trial as rebuttal exhibits.*

**EXHIBIT B**

**DEFENDANT'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

1.      Compass hired plaintiff Regina Link Lane on September 22, 1999.  She worked as a cook's helper in Southbury, Connecticut at an IBM office location.

2.      Ms. Lane elected to participate in the health and dental insurance plans offered by Compass.

3.      Compass was the plan administrator of such plans.

4.      On March 8, 2000, Ms. Lane suffered an injury on the job.

5.      As a result of such injury, Ms. Lane received a series of doctor's notes excusing her from work through May 11, 2000.

6.      Lane returned to work on May 11, 2000.

7.      Lane worked through May 22, 2000 and thereafter did not report to work for Compass at all.

8.      The last doctor's note Lane provided to Compass was a doctor's note excusing her from work until May 31, 2000.

9.      After May 31, 2000, Lane neither worked nor communicated with Compass regarding her projected return to work or her need for additional time off or her medical condition, nor did she provide additional medical documentation to Compass.

10.     Compass terminated Lane's employment on August 3, 2000 for job abandonment.   For purposes of COBRA, Lane's termination of employment  on August 3, 2000 was a "qualifying event" pursuant to 29 U.S.C. § 1163.

11.     Ms. Lane's termination date for COBRA purposes was August 3, 2000.

12.     Under COBRA, Compass, as plan administrator, was required to provide Lane with notice of her right to continue her health insurance coverage within 44 days after the qualifying event, in this case by September 16, 2000.  See 29 U.S.C. § 1166(a)(4), (c).

13.     Beginning in 1997, Compass contracted with Creative Mailing Solutions ("CMS") for much of its bulk mailing needs, including the mailing of COBRA notices.

14.     On or about August 10, 2000, on behalf of Compass, CMS sent a COBRA

notice to plaintiff in a good faith manner reasonably calculated to reach Ms. Lane. The notice was sent to Lane at her last known address by first-class mail.

15.     The COBRA documents sent to Ms. Lane advised her of her rights under COBRA and gave her the option of electing continuation medical coverage under the Compass group medical plan by signing the enclosed form and returning it to Compass Group, USA in Charlotte, North Carolina. It further stated, "To continue coverage you must complete this election form and return it within 60 days of the date of this notice. If you meet this deadline, your coverage will automatically be reinstated back to the original terminate date with no break in coverage."

16.     The COBRA notice also plainly stated that the qualifying event at issue was the termination of Lane's employment, although due to an error the notice gave the wrong date as the date of termination.

17.     Compass' COBRA notice to the plaintiff contained language and information sufficient substantially to notify Ms. Lane or her rights under COBRA and reasonably to advise her of the procedural means for securing those rights.

18.     Lane received the mailing which included the COBRA documents described above prior to August 16, 2000. The mailing of the COBRA notice and documents to Ms. Lane was timely.

19.     Under COBRA, a terminated employee has the right to elect continuation coverage as long as she does so within 60 days of the qualifying event or the date of notice of such event to the beneficiary, whichever is later. See 29 U.S.C. § 1165(1); Communications Workers of America, District One, AFL-CIO v. NYNEX Corp., 898 F.2d 887, 888-89 (2d Cir. 1990). The date on the COBRA notice sent to Lane was August 5, 2000.

20.     As set forth in the notice and accompanying paperwork to Lane, she had the right to make a timely election of COBRA benefits under 29 U.S.C. 1165(1) for 60 days after the date of the notification, or through October 4, 2000.

21.     Ms. Lane did not elect such coverage within the time period provided under COBRA as specified in the notification sent to her.

22.     If Ms. Lane had elected continuation coverage on or before October 4, 2000 under COBRA, she would have received retroactive health insurance coverage back to the date of her loss of coverage, and there would have been no lapse of coverage.

23.     Although Ms. Lane's health insurance was conditionally terminated on August 3, 2000 or before, she had 60 days to respond to Compass' COBRA Notice. Had Lane done so, there would have been no lapse of health insurance coverage and she would have been entitled to all benefits available to her under COBRA.

24.    If Ms. Lane had elected COBRA continuation coverage, after electing such coverage, in accordance with COBRA, Lane she would have been required to pay premiums for her retroactive coverage within 45 days of her election and monthly thereafter. 29 U.S.C. § 1162(3) (COBRA requires a plan to "permit payment for continuation coverage during the period preceding the election to be made within 45 days of the date of the election."); 52 Fed. Reg. 22,731 (stating that timely payment means payment made within 45 days after the election); Communications Workers of America, District One, AFL-CIO v. NYNEX Corp., 898 F.2d 887, 890-91 (2d Cir. 1990).   If Ms. Lane had elected such COBRA continuation coverage, she would have paid $3,708.00 in health insurance premiums for 18 months of COBRA coverage.

25.    Plaintiff did not sign or return the COBRA Continuation of Coverage Election Form.

26.    Plaintiff did not contact anyone at Compass to ask any questions about the COBRA documents received in August 2000, inquire about the fact that she had been terminated, or to ask any questions whatsoever.

27.    Upon receipt of the COBRA notice, Lane had the opportunity to elect to continue her medical coverage for a period of up to 18 months from the date of the qualifying event but chose not to do so. See 29 U.S.C. § 1162(2)(A)(i).

28.    Compass fully complied with its obligations under COBRA, including by sending Regina Lane a timely COBRA notice within 44 days following the termination of her employment.

29.    Compass operated in good faith to comply with the notice requirements of COBRA.

30.    Based on the findings of fact and rulings of law discussed above, judgment should enter in favor of Compass on Regina Link Lane's COBRA claim in this case.