United States District Court
District of Connecticut
FILED AT      NEW HAVEN

7 18          2007

KEVIN F. ROWE, Clerk

By Melissa Ruccie
Deputy Clerk

### UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **REGINA LINK LANE** | : | |
| | : | |
| v. | : | **NO. 3:02CV579 (EBB)** |
| | : | |
| **COMPASS GROUP USA, INC.** | : | **July 16, 2007** |

### PLAINTIFF'S TRIAL MEMORANDUM

1.  Trial Counsel: Plaintiff – Mark S. Carron, Carron & Fink, LLC, 1698A Post Road East, Westport, CT 06880, (203) 259-7234.

    Defendant:    Lori Alexander, Littler & Mendelson, LLC, 110 Washington Avenue, North Haven, CT 06473

2.  Jurisdiction:   Matter was removed by Defendant from State Court on the claim of a Federal Question.

3.  Jury/Non-Jury.      Case is to be tried Courtside

4.  Nature of Case:    Plaintiff is seeking damages for alleged violation of COBRA statutes (Notice).

5.  Stipulations as to Fact and Law:    See attached

6.  Plaintiff's Contentions:    Plaintiff admits that a purported COBRA notice was received on or about August 10, 2000. Said notice claimed that the Plaintiff's health insurance was being ended due to the Termination of the Plaintiff on May 22, 2000. Plaintiff knew that she had not been terminated. Plaintiff also "knew" that the

employer's policy was not to terminate employees "who were out on workmens' compensation". Plaintiff was out on workmens' compensation. Plaintiff had also never been contacted by employer regarding alleged termination. Further, Plaintiff had worked subsequent to date of alleged termination. Plaintiff claims that receipt of the purported COBRA notice referring to a non-existent termination is/was a nullity. Plaintiff claims that she was an employed by the Compass Group (but out on workers' compensation) up until her signing of a stipulation at Workmens' Compensation, August 8, 2003. Plaintiff claims that the only notice she received that her health insurance was cancelled was when her doctors began refusing to see her in November, 2000. Plaintiff claims that she sought to have the health insurance reinstated by the employer to no avail. Plaintiff seeks statutory damages of $100 per day for the entire period of COBRA eligibility. Plaintiff claims that the COBRA eligibility period should be 29 months, not 18 months, as the plaintiff was totally disabled by the social security administration (decision on August 12, 2001).

7.   Defendant's contentions: See attached

8.   Legal Issues:

(a)   Was the alleged COBRA notice received by the Plaintiff timely?

(b)   Was the alleged COBRA notice received by the Plaintiff effective or was it a nullity?

(c)   For purposes of the COBRA statutes was the plaintiff entitled to 18 months of COBRA benefits or 29 months of COBRA benefits?

9.    Voir Dire Questions:  N/A

10.   List of Witnesses:     See attached

11.   Exhibits:      See attached

12.   Deposition Testimony:      None expected

13.   Requests for Jury Instructions:      N/A

14.   Anticipated Evidentiary Problems:    none

15.   Proposed Findings and Conclusions: See attached

16.   Trial Time:    One day

17.   Further proceedings:   None expected

18.   Election for Trial by Magistrate:     N/A


                                        THE PLAINTIFF


                        By _____
                                Mark S. Carron
                            CARRON & FINK, LLC
                            1698-A Post Road East
                            Westport, CT 06880-4822
                            Phone: (203) 259-7234
                                Juris # 105080

## CERTIFICATION

I hereby certify that a copy was faxed and mailed to the Court and given to all counsel of record and pro se parties:Lori Alexander Esq., Littler & Mendelson, LLC, 110 Washington Avenue, North Haven, CT 06473 on this the 16th day of July, 2007.

Mark S. Carron

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

REGINA LINK LANE                    :

     v.                              :          NO. 3:02CV579 (EBB)

COMPASS GROUP USA, INC.              :

## WITNESS LIST

1.    Regina Link Lane, plaintiff - fact witness

2.    Regina Link, mother of plaintiff - fact witness


THE PLAINTIFF

By

*Mark S. Carron*

Mark S. Carron
CARRON & FINK, LLC
1698-A Post Road East
Westport, CT 06880-4822
Phone: (203) 259-7234
Juris # 105080


## CERTIFICATION

I hereby certify that a copy was faxed and mailed to the Court and given to all counsel of record and pro se parties: Lori Alexander Esq., Littler & Mendelson, LLC, 110 Washington Avenue, North Haven, CT 06473 on this the 6th day of July, 2007.

*Mark S. Carron*

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

REGINA LINK LANE                      :

     v.                              :          NO. 3:02CV579 (EBB)

COMPASS GROUP USA, INC.               :

**PLAINTIFF'S EXHIBIT LIST**

1.  Cobra Election and Notification to Continue Coverage dated 8/5/00.

2.  Letter from Iris Graham @ Cigna Health Insurance dated 11/14/00.

3.  Letter to Debbie Rubenstein dated 10/19/00.

4.  Copies of Accent Notices dated 12/20/00.

5.  Cigna Healthcare statement dated June 16, 2000.

6.  Cigna Healthcare statement dated June 23, 2000.

7.  Cigna Heathcare Statement dated June 28, 2000.

8.  Cigna Healthcare Statement dated June 30, 2000.

9.  Cigna Healthcare Statement dated July 10, 2000.

10. Cigna Healthcare Statement dated July 19, 2000.

11. Cigna Heathcare Statement dated July 26, 2000.

12. Cigna Healthcare Statement dated August 4, 2000.

13. Cigna Healthcare Statement dated August 7, 2000.

14. Cigna Healthcare Statement dated August 15, 2000.

15. Cigna Healthcare Statement dated August 16, 2000.

16. Privilege log for Compass Group USA, Inc. dated 4/24/03.

17. Connecticut Medicaid Recipient Statement of Medical Assistance dated 5/23/02.

18. Connecticut Department of Social Services Statement of Financial Assistance dated 5/17/02.

19. Compass Group Benefit Handbook.

20. Advanced Endodontics bill dated 11/4/02.

21. Bridgeport Anesthesia Associates bills for services rendered on 2/13/03, 11/18/03, 12/18/03 and 4/15/04.

22. Bridgeport Hospital statement dated 12/13/06.

23. Jeffrey Arons, M.D. medical report dated 5/3/01.

24. Michael Brennan, M.D. statement dated 7/28/06 and medical reports.

25. CT Vascular And Thoracic Surgical Association bill and report.

26. Stewart C. Gross, M.D. bill and reports.

27. Hartford Ortho Plastic & Hand Surgeons, Inc. statement dated 6/1/06.

28. Danbury Orthopedic Associates bill and reports.

29. Orthopedic Services of Bridgeport bill and reports.

30. Medical Anesthesiology Associates, P.C. bill and reports.

31. Waterbury Orthopaedic Associates report dated May 18, 2000.

32. Michael Opalak M.D. report dated June 13, 2000.

33. Physical Medicine of Southbury medical reports.

34. Primary Care of Southbury bill and reports.

35. Rehabilitation Associates bill and reports.

36. Patricia Richard MD, DMD billing statements.

37. Bridgeport Radiology 6/6/00.

38. Brooks Pharmacy 3/21/01.

39. William Gasco, MD 10/23/00.

40. Lawrence Kirschenbaum, MD Bill & Medical Reports 6/7/00.

41. St. Vincent's Hospital 10/2/00 & 10/23/00.

42. Waterbury Hospital 5/16/00 Bill.

43. Shop Right Pharmacy 5/18/00 Bill.

44. DAS Liens.

45. Transcript of Deborah Rubinstein 6/15/00.

46. State of CT Dept of Labor Hearing Papers.

47. Decision of SS Administration (Appeal).

48. Agreement re: Workers' Compensation Dated 8/7/03.

49. Nicolas Breyan, MD 5/17/00.

50. LifePlan.

51. Policy & Procedure Statement from Compass Group.

52. Letter from Plaintiff to Debbie Rubenstein dated 10/19/00.

53. Statement of Attorney's fees.

THE PLAINTIFF

MARK S. CARRON
Carron & Fink, LLC
1698-A Post Road East
Westport, CT 06880-9991
Juris No. 105080
Phone (203) 259-7234

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

REGINA LINK LANE                          :

    vi.                                    :          NO. 3:02CV579 (EBB)

COMPASS GROUP USA, INC.                    :


**CERTIFICATION**


    I hereby certify that a copy was faxed and mailed to the Court and given to all counsel of record and pro se parties: Lori Alexander Esq., Littler & Mendelson, LLC, 110 Washington Avenue, North Haven, CT 06473 on this the 16th day of July, 2007.

_Mark S. Carron_

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

REGINA LINK LANE                          :

    v.                                    :          NO. 3:02CV579 (EBB)

COMPASS GROUP USA, INC.                   :

### STIPULATION AS TO FACTS

1.    Compass hired the Plaintiff on September 22, 1999.

2.    Plaintiff elected to participate in the health and dental insurance provided by

     Compass.

3.    On March 8, 2000, Plaintiff was injured on the job.

4.    The Compass group contracted with the Zurich-American Insurance Company to

     administer the State required Workmens' Compensation benefits.

5.    The Plaintiff filed for Workmens' Compensation benefits as a result of her March

     8, 2000 injury in early June, 2000.

6.    The Plaintiff provided to the employer a series of notes excusing her from work

     beginning in early March and continuing until the Plaintiff returned to work on

     May 11, 2000.  Said doctor's notes excusing her from work began again in late

     May, 2000 and continued through 2003.

7.    The last day the Plaintiff worked was on or about May 22, 2000.

8.    The Plaintiff received no termination notice ever from Compass.  Nor was the

     Plaintiff ever told verbally that she was terminated by anyone in Compass.

9.    On or about June 15, 2000, Deborah Rubinstein, the Plaintiff's manager testified

     in Superior Court that the Plaintiff continued to have employment with Compass.

10.    Compass retained Creative Mailing Solutions (CMS) for mailing of their COBRA notices.

11.    On or about August 5, 2000, CMS, on behalf of Compass, sent a purported COBRA notice to the Plaintiff. Said purported notice referred to a termination date of the Plaintiff of May 22, 2000.

12.    On or about August 10, 2000, the Plaintiff received the purported COBRA notice.

13.    The Plaintiff never completed the purported COBRA notice election form, but did have both verbal and written contact with Compass seeking to reinstate the health and dental insurance.

14.    The Plaintiff was adjudged to be Totally Disabled for Social Security Disability purposes on or about August 12, 2001.

THE PLAINTIFF

By _____
Mark S. Carron
CARRON & FINK, LLC
1598-A Post Road East
Westport, CT 06880-4822
Phone: (203) 259-7234
Juris # 105080

## CERTIFICATION

I hereby certify that a copy was faxed and mailed to the Court and given to all counsel of record and pro se parties: Lori Alexander Esq., Littler & Mendelson, LLC, 110 Washington Avenue, North Haven, CT 06473 on this the 16th day of July, 2007.

_____
Mark S. Carron

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

**REGINA LINK LANE**                    :

　　v.                    :          **NO. 3:02CV579 (EBB)**

**COMPASS GROUP USA, INC.**        :


PLAINTIFF'S PROPOSED FINDINGS OF FACT

AND CONCLUSIONS OF LAW

1.　　　Compass hired plaintiff on September 22, 1999.

2.　　　Plaintiff elected to participate in the health and dental insurance plans offered by Compass.

3.　　　On March 8, 2000, Plaintiff suffered an injury on the job.

4.　　　As a result of such injury, Plaintiff received a series of doctor's notes excusing her from work through May 11, 2000.

5.　　　Plaintiff returned to work on May 11, 2000.

6.　　　Plaintiff worked through approximately May 22, 2000 and thereafter did not report to work for Compass at all.

7.　　　Plaintiff provided to Compass doctor's notes excusing her from work until approximately 2003.

8.　　　On or about June 15, 2000, Deborah Rubinstein testified at the Superior Court that the Plaintiff was still employed by Compass.

9.      Plaintiff had significant communications with Compass subsequent to June 15, 2000 regarding her employment and her health benefits. Plaintiff specifically inquired of her supervisor, Deborah Rubinstein, for a reinstatement of her health benefits in August 2000.

10.     In order for Compass to terminate Plaintiff's employment, it is necessary as a matter of law that the company inform the employee either verbally or in writing of the termination. No such notification of the Plaintiff's employment was ever given to the Plaintiff.

11.     On or about August 10, 2000, the Plaintiff received a purported COBRA notice from Compass alleging that she was terminated on May 22, 2000. As the employee was not terminated on May 22, 2000, this was not a "qualifying event" pursuant to 29 U.S.C. § 1163.

12.     The purported COBRA notice from Compass alleging that the Plaintiff was terminated on May 22, 2000 was a nullity, as it was obviously in error. As such it was ineffective in satisfying Compass' COBRA obligations to notice the Plaintiff prior to the termination of health insurance.

13.     The Health Insuror, CIGNA, terminated the health and dental insurance coverage retroactive to May 22, 2000.

14.    Under COBRA, Compass, as plan administrator, was required to provide Plaintiff with notice of her right to continue her health insurance coverage within 44 days after the qualifying event. Assuming arguendo that the "qualifying event" was the date the health insurance was terminated (May 22, 2000), the 44 days would have expired on July 5, 2000, and he purported notice received by the Plaintiff on or about August 10, 2000 was untimely. See 29 U.S.C. § 1166(a)(4), (c).

15.    On or about September 2000, the Plaintiff learned that her health insurance benefits had been terminated retroactively and contacted Compass to obtain reinstatement of the benefits. Notwithstanding verbal and written requests to Compass by the Plaintiff, Compass never acted to reinstate the health insurance benefits.

16.    Under COBRA, a terminated employee has the right to elect continuation coverage as long as she does so within 60 days of the qualifying event or the date of notice of such event to the beneficiary, whichever is later. See 29 U.S.C. § 1165(1). The date on the COBRA notice sent to Plaintiff was August 5, 2000. The date of the qualifying event (the Plaintiff's termination) never occurred.

17.    As set forth in the notice and accompanying paperwork to Plaintiff, she had the right to make a timely election under 29 U.S.C. §1165(1) for 60 days after the date of the qualifying event (her termination). As this qualifying event never occurred, her notification to the employer in August of her desire to reinstate her health insurance benefits was timely.

18.    Compass did not act to reinstate the Plaintiff's coverage upon the Plaintiff's timely request.

19.    If Compass had acted properly, the Plaintiff would have received health insurance coverage and not incurred the substantial health bills she incurred. The Plaintiff was substantially damaged by the non-compliance of Compass.

20.    On or about August 10, 2001, the Plaintiff was determined to be disabled for Social Security purposes. The Plaintiff informed the employer of her status with regards Social Security Disability within two weeks of her receiving notification of her successful application. Had Compass dealt properly with the health insurance issue, the Plaintiff would have been entitled to 29 months of COBRA coverage. Since Compass failed to provide the required proper timely notifications, the minimum number of days of denied coverage is 912 days.

21.    Compass did not comply in good faith with the requirements of COBRA.

22.    Based on the findings of fact and rulings of law discussed above, judgment should enter in favor of the Plaintiff in the amount of $91,200.

23.    In addition, the Plaintiff is entitled to reasonable attorney fees for the prosecution of this action. The attorney for the Plaintiff has spent in excess of 100 hours prosecuting this action. A reasonable hourly compensation rate for the attorney is $250 per hour. Attorney fees of $25,000 is awarded.

THE PLAINTIFF

By _____

Mark S. Carron
CARRON & FINK, LLC
1698-A Post Road East
Westport, CT 06880-4822
Phone: (203) 259-7234
Juris # 105080

**CERTIFICATION**

I hereby certify that a copy was faxed and mailed to the Court and given to all counsel of record and pro se parties: Lori Alexander Esq., Littler & Mendelson, LLC, 110 Washington Avenue, North Haven, CT 06473 on this the 16th day of July, 2007.

_Mark S. Carron_